# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:04CR044 |
| Respondent, | : | 3:05CV025 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| JANEL R. STURGEON, | : | |
| Petitioner. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Petitioner's Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. §2255 (Doc. # 23), the Respondent's Answer (Doc. # 25), Petitioner's Response (Doc. # 26), and the record as a whole.  Petitioner's sole ground for relief is that her sentence was unconstitutionally enhanced in violation of the Sixth Amendment of the United States Constitution and *Blakely  v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004).

On March 24, 2004, a two-count Indictment was returned charging Petitioner with Forgery of Treasury Checks in violation of 18 U.S.C.§510 (a) (2) and Theft of Mail by a Postal Employee in violation of 18 U.S.C.  § 1709. (Doc. # 2).

On June 30, 2004, Petitioner entered into a plea agreement wherein she agreed to plead guilty to Theft of Mail by a Postal Employee. (Doc. # 15). Thereafter on October 27, 2004 the

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Court imposed sentence. (Doc. # 19). Petitioner did not appeal. On January 20, 2005, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. §2255. (Doc. # 23).

Petitioner claims that her sentence was unconstitutionally enhanced in violation of *Blakely v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). However, the Sixth Circuit Court of Appeals has held that the *Blakely* decision (as well as the subsequent case of *United States v. Booker*, 125 S. Ct. 738 (2005) is not applicable to cases on collateral review, i.e., cases brought under 28 U.S.C.§ 2255. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Petitioner's case is clearly brought on collateral review after her case became final. Sturgeon's § 2255 petition is therefore not well taken and should be denied with prejudice.  Reasonable jurists would not disagree with the foregoing analysis. Thus, Sturgeon should also be denied both a certificate of appealibility and leave to proceed *in forma pauperis*.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Janel R. Sturgeon's Petition to Vacate Sentence (Doc. # 23) be DENIED and DISMISSED with prejudice;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

February 14, 2006

                                                  s/ Sharon L. Ovington
                                                     Sharon L. Ovington
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).